# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| MICHAEL THOMAS, MARIA CONYERS-JORDAN, AUSTIN SHERMAN, and LYNDA ALEXANDRA MAHER, on behalf of themselves and others similarly situated, | Civil Action No. 2:21-cv-460 |
| *Plaintiffs*, | Complaint - Class/Collective Action |
| v. | Jury Trial Demanded |
| TEKSYSTEMS, INC., | (Document Filed Electronically) |
| *Defendant*. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Michael Thomas, Maria Conyers-Jordan, Austin Sherman, and Lynda Alexandra Maher, (together "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, file this Complaint against TEKsystems, Inc. ("Defendant"), and in support they state as follows:

## NATURE OF THE LAWSUIT

1.  Plaintiffs' claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime wages.

2.  Plaintiff Thomas and Plaintiff Conyers-Jordan also bring a claim against Defendant under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, for Defendant's failure to pay them and other similarly situated employees overtime wages.

3.  Defendant is a professional staffing agency that provides staffing services to its clients.

4. Plaintiffs worked for Defendant as recruiters and held the following job titles: Technical Recruiter and Digital & Creative Recruiter (herein "Recruiters").

5. After Plaintiffs and other Recruiters attained $3,000 in "spread," which was the difference between what Defendant received from clients that Recruiters serviced and the compensation paid to the individuals they recruited, Defendant paid Plaintiffs and other Recruiters on a salary basis.

6. In one or more workweeks during the last three years, Plaintiffs worked in excess of 40 hours.

7. Defendant classified Plaintiffs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in one or more individual workweeks.

8. Defendant misclassified Plaintiffs as exempt from state and federal overtime laws.

9. Plaintiffs bring their FLSA claims as a collective action. Plaintiffs' consent forms are attached hereto as Exhibit A.

10. Plaintiff Thomas and Plaintiff Conyers-Jordan brings their PMWA claims as a class action under Fed. R. Civ. P. 23.

## THE PARTIES

**Plaintiffs**

### Michael Thomas

11. Plaintiff Michael Thomas is a resident of Pittsburgh, Pennsylvania.

12. Plaintiff Thomas was employed by Defendant as a Digital & Creative Recruiter in Pittsburgh, Pennsylvania from approximately May 2018 through December 2020.

13. Throughout his employment with Defendant, Plaintiff Thomas regularly arrived at work at approximately 7:30 a.m. and left at approximately 6 p.m.,

14. Plaintiff Thomas was not regularly relieved of his duties during lunch because Defendant required him to spend his lunchtime with potential candidates.

15. Defendant initially paid Plaintiff Thomas on an hourly basis, but converted him to a salary without overtime compensation in approximately the summer of 2019 even though Plaintiff Thomas's job duties did not change from when he was paid on an hourly basis.

**Maria Conyers-Jordan**

16. Plaintiff Maria Conyers-Jordan is a resident of Philadelphia, Pennsylvania.

17. Plaintiff Conyers-Jordan was employed by Defendant as a Technical Recruiter in Philadelphia, Pennsylvania from approximately September 2018 through December 2019.

18. Throughout her employment with Defendant, Plaintiff Conyers-Jordan regularly arrived at work at approximately 7:15 a.m. and left at approximately 6:30 p.m.

19. Plaintiff Conyers-Jordan was not regularly relieved of her duties during lunch because Defendant required her to spend her lunchtime with potential candidates.

20. Defendant initially paid Plaintiff Conyers-Jordan on an hourly basis, but converted her to a salary without overtime compensation in approximately March 2019 even though Plaintiff Conyers-Jordan's job duties did not change from when she was paid on an hourly basis.

**Austin Sherman**

21. Plaintiff Austin Sherman is a resident of American Fork, Utah.

22. Plaintiff Sherman was employed by Defendant as a Technical Recruiter in Sandy, Utah from approximately June 2017 through December 2017 and as a Technical Recruiter in Honolulu, Hawaii from approximately January 2018 through January 2019.

23. During the relevant period of his employment with Defendant, Plaintiff Sherman regularly arrived at work at approximately 8:30 a.m. and left at approximately 5 p.m.

24. Plaintiff Sherman was not relieved of his duties during lunch because Defendant required him to spend his lunchtime with potential candidates.

25. Defendant initially paid Plaintiff Sherman on an hourly basis, but converted him to a salary without the payment of overtime compensation in approximately January 2018 even though Plaintiff Sherman's job duties did not change from when he was paid on an hourly basis.

**Lynda Alexandra Maher**

26. Plaintiff Lynda Alexandra Maher is a resident of Salt Lake City, Utah.

27. Plaintiff Maher was employed by Defendant as a Technical Recruiter in Sandy, Utah from approximately December 2018 through February 2020.

28. Throughout her employment with Defendant, Plaintiff Maher regularly arrived at work at approximately 7 a.m. and regularly worked 12 or more hours a day.

29. Plaintiff Maher was not regularly relieved of her duties during lunch because Defendant required her to spend her lunchtime with potential candidates.

30. Defendant initially paid Plaintiff Maher on an hourly basis, but converted her to a salary without the payment of overtime compensation in approximately April 2019 even though Plaintiff Maher's job duties did not change from when she was paid on an hourly basis.

**Defendant**

    **TEKsystems, Inc.**

31. Defendant is a corporation organized and existing under the laws of the State of Maryland.

32. Defendant maintains its corporate headquarters in Hanover, Maryland.

33. Defendant conducts business throughout the United States and has offices in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin.

34. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

35. At all times relevant hereto, Defendant's annual dollar volume of business has exceeded $500,000.00 per year.

36. During the relevant periods, Plaintiffs were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiff Thomas and Plaintiff Conyers-Jordan were Defendant's "employees" as defined by the PMWA, 43 P.S. § 333.103(h).

38. At all times relevant hereto, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. At all times relevant hereto, Defendant has been Plaintiff Thomas's and Plaintiff Conyers-Jordan's "employer" as defined by the PMWA, 43 P.S. § 333.103(g).

## JURISDICTION AND VENUE

40. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

41. This Court has supplemental jurisdiction over Plaintiff Thomas's and Plaintiff Conyers-Jordan's PMWA claims pursuant to 28 U.S.C. § 1367.

42. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and Defendant conducts sufficient business within the forum state as to constitute a submission to its laws. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

43. Defendant employs Account Managers who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position that a client is trying to fill. Clients advise Account Managers of the specific credentials and qualifications required of a candidate.

44. Account Managers then inform Recruiters of a client's hiring needs and supervise their work.

45. Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters were primarily responsible for searching employment databases, including LinkedIn, Indeed, and Defendant's internal system Connected, to assemble a list of names of potential candidates. Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

46. Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

47. Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.

48. Recruiters do not have decision making authority.

49. Recruiters are not permitted to create or use their own recruiting strategies.

50. Recruiters are required to screen candidates according to Defendant's processes and procedures.

51. Due to Defendant's productivity demands, Plaintiffs and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 6:00 p.m.

52. Plaintiffs and other Recruiters routinely worked more than 50 hours each week. Working overtime was integral to their employment.

53. Defendant did not compensate Plaintiffs or other Recruiters for working overtime. Plaintiffs and other Recruiters were paid the same regular salary regardless of how many hours they worked each week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54. Pursuant to the FLSA, Plaintiffs commence this collective action against Defendant on behalf of themselves and those similarly situated. The proposed FLSA collective class is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, at any time within three years prior to the filing date of this action through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime.

55. Plaintiffs are similarly situated to members of the FLSA collective because they were paid in the same manner and performed the same primary job duties.

56. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiffs.

57. Although the exact number of exempt-classified, salaried Recruiters is in the sole possession of Defendant, upon information and belief, the proposed collective has over 5,000 employees.

58. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

59. Of employees classified as exempt who performed the same primary job duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

60. Defendant has the names, addresses, telephone numbers, and emails for individuals who are eligible to join the FLSA collective.

61. Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

**CLASS ACTION ALLEGATIONS UNDER PENNSYLVANIA WAGE LAWS**

62. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Thomas and Plaintiff Conyers-Jordan bring this action on behalf of themselves and other current and former employees. The class Plaintiff Thomas and Plaintiff Conyers-Jordan seek to represent is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, in the state of Pennsylvania at any time within three years prior to the filing date of this action through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime under the PMWA.

63. The proposed Pennsylvania class is so numerous that joinder of all members is impracticable. During the relevant period, Defendant employed hundreds of Recruiters in the state of Pennsylvania.

64. The claims of Plaintiff Thomas and Plaintiff Conyers-Jordan are typical of the members of the proposed Pennsylvania class. Plaintiff Thomas, Plaintiff Conyers-Jordan, and members of the proposed Pennsylvania class regularly worked more than 40 hours per week and were denied overtime compensation. Each member of the class was paid a salary that remained unchanged, regardless of the number of hours they worked each week. As a result, each and every class member suffered the same harm.

65. Each class member's claim is controlled by Pennsylvania's wage and hour statutory scheme and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and practice of not paying them overtime; and whether Defendant violated the PMWA by failing to pay Plaintiff Thomas, Plaintiff Conyers-Jordan, and the class overtime compensation for hours worked in excess of 40 hours per workweek.

66. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not

promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

67. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

68. Plaintiff Thomas and Plaintiff Conyers-Jordan will fully and adequately protect the interests of the class. Plaintiff Thomas and Plaintiff Conyers-Jordan seek the same recovery as the class, predicated upon the same violations of law and the same damage theory. Plaintiff Thomas and Plaintiff Conyers-Jordan have retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiff Thomas nor Plaintiff Conyers-Jordan nor their counsel have interests that are contrary to, or conflicting with, the interests of the class.

**COUNT ONE**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective)**

69. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiffs and other similarly situated employees when they worked over 40 hours in individual workweeks.

70. Plaintiffs were not exempt from the overtime provisions of the FLSA.

71. Other members of the FLSA Collective were not exempt from the overtime provisions of the FLSA.

72. Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

73. Other members of the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

74. Once Defendant classified Plaintiffs as exempt, Defendant paid Plaintiffs a salary and no overtime compensation.

75. Defendant paid other members of the FLSA Collective a salary and no overtime compensation.

76. Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

77. Defendant violated the FLSA by failing to pay overtime to other members of the FLSA Collective at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

78. Defendant's failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

## COUNT TWO
**(Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*
Brought by Plaintiff Thomas and Plaintiff Conyers-Jordan on
Behalf of Themselves and the PMWA class)**

79. Plaintiff Thomas and Plaintiff Conyers-Jordan allege and incorporate by reference the allegations in the preceding paragraphs.

80. Pursuant to the Pennsylvania Minimum Wage Act, each employer shall pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over 40 per workweek.

81. Plaintiff Thomas, Plaintiff Conyers-Jordan, and the members of the PMWA class are non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 per workweek.

82. Plaintiff Thomas, Plaintiff Conyers-Jordan, and the members of the PMWA class worked in excess of 40 hours per workweek but did not receive the overtime compensation from Defendant.

83. Defendant willfully and intentionally failed to compensate Plaintiff Thomas, Plaintiff Conyers-Jordan, and members of the PMWA class for the overtime hours they worked.

84. Defendant acted willfully and with reckless disregard of clearly applicable provisions of the PMWA.

85. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Thomas, Plaintiff Conyers-Jordan, and members of the PMWA class have suffered and will continue to suffer a loss of income and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA collective, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs as Representatives of the FLSA Collective;

    c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    d.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

    e.    Costs of action incurred herein, including expert fees;

    f.    Attorneys' fees;

    g.    Pre-judgment and post-judgment interest, as provided by law; and

    h.    Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff Thomas and Plaintiff Conyers-Jordan, on behalf of themselves and the PMWA class, pray for relief as follows:

    a.    Certification of this action as a class action on behalf of the PMWA Class;

    b.    Designation of Plaintiff Thomas and Plaintiff Conyers-Jordan as Representative of the PMWA Class;

    c.    Designation of Plaintiff Thomas's and Plaintiff Conyers-Jordan's counsel of record as PMWA Class Counsel for the PMWA Class;

    d.    A declaratory judgment that the practices complained of herein are unlawful under applicable state law;

    e.    Appropriate injunctive and equitable relief, including an order enjoining Defendant from continuing its unlawful practices;

    f.    Attorneys' fees and costs of suit, including expert fees and costs; and

    g.    All further relief deemed just and equitable by this Court.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

Dated: April 9, 2021

Respectfully submitted,

<u>/s/</u> Sarah R. Schalman-Bergen

Sarah R. Schalman- Bergen (PA 206211)
ssb@llrlaw.com
**Lichten & Liss-Riordan, P.C.**
729 Boylston Street, Suite 2000,
Boston, MA 02116
Phone No.: (617) 994-5800
Fax No.: (617) 994-580

Sally J. Abrahamson*
sabrahamson@flsalaw.com
**Werman Salas P.C.**
335 18th Pl NE
Washington, D.C. 20002
Phone No.: (202)744-1407
Fax No.: (312) 419-1025

Maureen A. Salas*
msalas@flsalaw.com
**Werman Salas P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

*Attorneys for Plaintiffs and the Putative FLSA Collective and Rule 23 Class*

**Pro hac vice* application forthcoming