**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| MICHAEL THOMAS, MARIA CONYERS-JORDAN, AUSTIN SHERMAN, LYNDA ALEXANDRA MAHER, AVA DORÉ, RACHEL RICHENBERG, and EMILY BURKE, on behalf of themselves and others similarly situated, | Civil Action No. 2:21-cv-00460-WSS |
| *Plaintiffs*, | First Amended Complaint - Class/Collective Action |
| v. | Jury Trial Demanded |
| TEKSYSTEMS, INC., | (Document Filed Electronically) |
| *Defendant*. | |

## <u>FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT</u>

Michael Thomas, Maria Conyers-Jordan, Austin Sherman, Lynda Alexandra Maher, Ava Doré, Rachel Richenberg, and Emily Burke (together "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, file this First Amended Complaint ("FAC") against TEKsystems, Inc. ("Defendant"). This FAC is filed with Defendant's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2), and it relates back to the date of the original pleading pursuant to Federal Rule of Civil Procedure 15(c). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others, and in support they state as follows:

## <u>NATURE OF THE LAWSUIT</u>

1.      Plaintiffs' claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime wages.

2.      Plaintiff Thomas and Plaintiff Conyers-Jordan also bring a claim against Defendant under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.,* for Defendant's failure to pay them and other similarly situated employees overtime wages.

3.      Plaintiff Doré also brings claims against Defendant under Washington state law, Wash. Rev. Code Ann. § 49.46.130, for Defendant's failure to pay her and other similarly situated employees overtime wages, meal and rest breaks, and related penalties.

4.      Plaintiff Richenberg also brings claims against Defendant under New York state law, New York Labor Law, Article 19, §§ 650 *et. seq.*, Article 6 §§ 190 *et. seq.* ("NYLL"), for Defendant's failure to pay her and other similarly situated employees overtime wages, as well as for failure to provide her and similarly situated employees with statutorily required wage notices and wage statements, and related penalties.

5.      Plaintiff Burke also brings claims against Defendant under Massachusetts state law, the Massachusetts Overtime Law, M.G.L. c. 151, § 1A, for Defendant's failure to pay her and other similarly situated employees overtime wages, meal and rest breaks, and related penalties.

6.      Defendant is a professional staffing agency that provides staffing services to its clients.

7.      Plaintiffs worked for Defendant as recruiters and held the following job titles: Technical Recruiter and Digital & Creative Recruiter (herein "Recruiters").

8.      After Plaintiffs and other Recruiters attained $3,000 in "spread," which was the difference between what Defendant received from clients that Recruiters serviced and the compensation paid to the individuals they recruited, Defendant paid Plaintiffs and other Recruiters on a salary basis.

9.    In one or more workweeks during the last three years, Plaintiffs worked in excess of 40 hours.

10.    Defendant classified Plaintiffs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in one or more individual workweeks.

11.    Defendant misclassified Plaintiffs as exempt from state and federal overtime laws.

12.    Plaintiffs bring their FLSA claims as a collective action.  Plaintiffs' consent forms were filed on this docket at ECF Nos. 1-2, 26-01, 27-05 & 31-4.

13.    Plaintiff Thomas and Plaintiff Conyers-Jordan bring their Pennsylvania law claims as a class action under Fed. R. Civ. P. 23.

14.    Plaintiff Doré brings her Washington state law claims as a class action under Fed. R. Civ. P. 23.

15.    Plaintiff Richenberg brings her New York state law claims as a class action under Fed. R. Civ. P. 23.

16.    Plaintiff Burke brings her Massachusetts state law claims as a class action under Fed. R. Civ. P. 23.

## THE PARTIES

**Plaintiffs**

### Michael Thomas

17.    Plaintiff Michael Thomas is a resident of Pittsburgh, Pennsylvania.

18.    Plaintiff Thomas was employed by Defendant as a Digital & Creative Recruiter in Pittsburgh, Pennsylvania from approximately May 2018 through December 2020.

19.     Throughout his employment with Defendant, Plaintiff Thomas regularly arrived at work at approximately 7:30 a.m. and left at approximately 6 p.m.

20.     Plaintiff Thomas was not regularly relieved of his duties during lunch because Defendant required him to spend his lunchtime with potential candidates.

21.     Defendant initially paid Plaintiff Thomas on an hourly basis, but converted him to a salary without overtime compensation in approximately the summer of 2019 even though Plaintiff Thomas's job duties did not change from when he was paid on an hourly basis.

**Maria Conyers-Jordan**

22.     Plaintiff Maria Conyers-Jordan is a resident of Philadelphia, Pennsylvania.

23.     Plaintiff Conyers-Jordan was employed by Defendant as a Technical Recruiter in Philadelphia, Pennsylvania from approximately September 2018 through December 2019.

24.     Throughout her employment with Defendant, Plaintiff Conyers-Jordan regularly arrived at work at approximately 7:15 a.m. and left at approximately 6:30 p.m.

25.     Plaintiff Conyers-Jordan was not regularly relieved of her duties during lunch because Defendant required her to spend her lunchtime with potential candidates.

26.     Defendant initially paid Plaintiff Conyers-Jordan on an hourly basis, but converted her to a salary without overtime compensation in approximately March 2019 even though Plaintiff Conyers-Jordan's job duties did not change from when she was paid on an hourly basis.

**Austin Sherman**

27.     Plaintiff Austin Sherman is a resident of American Fork, Utah.

28.     Plaintiff Sherman was employed by Defendant as a Technical Recruiter in Sandy, Utah from approximately June 2017 through December 2017 and as a Technical Recruiter in Honolulu, Hawaii from approximately January 2018 through January 2019.

29.     During the relevant period of his employment with Defendant, Plaintiff Sherman regularly arrived at work at approximately 8:30 a.m. and left at approximately 5 p.m.

30.     Plaintiff Sherman was not relieved of his duties during lunch because Defendant required him to spend his lunchtime with potential candidates.

31.     Defendant initially paid Plaintiff Sherman on an hourly basis, but converted him to a salary without the payment of overtime compensation in approximately January 2018 even though Plaintiff Sherman's job duties did not change from when he was paid on an hourly basis.

**Lynda Alexandra Maher**

32.     Plaintiff Lynda Alexandra Maher is a resident of Salt Lake City, Utah.

33.     Plaintiff Maher was employed by Defendant as a Technical Recruiter in Sandy, Utah from approximately December 2018 through February 2020.

34.     Throughout her employment with Defendant, Plaintiff Maher regularly arrived at work at approximately 7 a.m. and regularly worked 12 or more hours a day.

35.     Plaintiff Maher was not regularly relieved of her duties during lunch because Defendant required her to spend her lunchtime with potential candidates.

36.     Defendant initially paid Plaintiff Maher on an hourly basis, but converted her to a salary without the payment of overtime compensation in approximately April 2019 even though Plaintiff Maher's job duties did not change from when she was paid on an hourly basis.

**Ava Doré**

37.     Plaintiff Ava Doré is a resident of the state of California.

38.    Plaintiff Doré was employed by Defendant as a Technical Recruiter in Seattle, Washington from approximately March 2020 through May 2021.

39.    Throughout her employment with Defendant, Plaintiff Doré regularly worked between approximately 7:45 am and 6 pm, and routinely worked on nights and weekends. Plaintiff Doré regularly worked more than 40 hours in a workweek.

40.    Plaintiff Doré was not regularly relieved of her duties during her lunch period, and Defendant encouraged her to work through lunch in order to fulfill the requirements of her job.

41.    Plaintiff Doré regularly worked through meal and rest breaks in order to meet her quota requirements.

42.    Defendant initially paid Plaintiff Doré on an hourly basis, but converted her to a salary without the payment of overtime compensation in approximately July 2020 even though Plaintiff Doré's job duties did not change from when she was paid on an hourly basis.

**Rachel Richenberg**

43.    Plaintiff Rachel Richenberg is a resident of the state of New York.

44.    Plaintiff Richenberg was employed by Defendant as a Technical Recruiter in Rochester, New York from approximately June 2020 through August 2021.

45.    Throughout her employment with Defendant, Plaintiff Richenberg regularly worked between approximately 7:45 a.m. and 5:45 p.m., and often worked until 6:30 p.m. to 7 p.m., five days per week.  She also was required to perform work on weekends on multiple occasions. Plaintiff Richenberg regularly worked more than 40 hours in a workweek.

46.    Defendant initially paid Plaintiff Richenberg on an hourly basis, but converted her to a salary without the payment of overtime compensation in approximately September 2020,

even though Plaintiff Richenberg's job duties did not change from when she was paid on an hourly basis.

**Emily Burke**

47.     Plaintiff Emily Burke is a resident of the Commonwealth of Massachusetts.

48.     Plaintiff Burke was employed by Defendant as a Technical Recruiter in Framingham, Massachusetts from approximately June 2018 through February 2019.

49.     Throughout her employment with Defendant, Plaintiff Burke regularly worked between approximately 7:30 a.m. to 6:30 p.m., five days per week.  Plaintiff Burke regularly worked more than 40 hours in a workweek.

50.     Defendant initially paid Plaintiff Burke on an hourly basis, but converted her to a salary without the payment of overtime compensation in approximately September 2018 even though Plaintiff Burke's job duties did not change from when she was paid on an hourly basis.

**Defendant**

**TEKsystems, Inc.**

51.     Defendant is a corporation organized and existing under the laws of the State of Maryland.

52.     Defendant maintains its corporate headquarters in Hanover, Maryland.

53.     Defendant conducts business throughout the United States and has offices in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin.

54. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

55. At all times relevant hereto, Defendant's annual dollar volume of business has exceeded $500,000.00 per year.

56. During the relevant periods, Plaintiffs were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the state laws alleged herein, as applicable.

57. At all times relevant hereto, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the state laws alleged herein, as applicable.

## JURISDICTION AND VENUE

58. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

59. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative facts.

60. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and Defendant conducts sufficient business within the forum state as to constitute a submission to its laws.  28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

61. Defendant employs Account Managers who are responsible for working directly with Defendant's clients.  Account Managers obtain all of the information regarding the position that a client is trying to fill.  Clients advise Account Managers of the specific credentials and qualifications required of a candidate.

8

62.    Account Managers then inform Recruiters of a client's hiring needs and supervise their work.

63.    Recruiters are required to follow specific protocols to find candidates who were qualified for open positions.  Recruiters were primarily responsible for searching employment databases, including LinkedIn, Indeed, and Defendant's internal system Connected, to assemble a list of names of potential candidates.  Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

64.    Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

65.    Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.

66.    Recruiters do not have decision making authority.

67.    Recruiters are not permitted to create or use their own recruiting strategies.

68.    Recruiters are required to screen candidates according to Defendant's processes and procedures.

69.    Due to Defendant's productivity demands, Plaintiffs and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 6:00 p.m.

70.    Plaintiffs and other Recruiters routinely worked more than 50 hours each week. Working overtime was integral to their employment.

71.    Defendant did not compensate Plaintiffs or other Recruiters for working overtime. Plaintiffs and other Recruiters were paid the same regular salary regardless of how many hours they worked each week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

72.     Pursuant to the FLSA, Plaintiffs commenced this collective action against Defendant on behalf of themselves and those similarly situated.  The proposed FLSA collective is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, at any time within three years prior to the filing date of this action through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime.

73.     Plaintiffs are similarly situated to members of the FLSA collective because they were paid in the same manner and performed the same primary job duties.

74.     In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiffs.

75.     Although the exact number of exempt-classified, salaried Recruiters is in the sole possession of Defendant, upon information and belief, the proposed collective has over 5,000 employees.

76.     Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

77.     Of employees classified as exempt who performed the same primary job duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

78.     Defendant has the names, addresses, telephone numbers, and emails for individuals who are eligible to join the FLSA collective.

79.     Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

## CLASS ACTION ALLEGATIONS UNDER STATE WAGE LAWS

80.    Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Thomas and Plaintiff Conyers-Jordan bring this action on behalf of themselves and other current and former employees in the Commonwealth of Pennsylvania.  The class Plaintiff Thomas and Plaintiff Conyers-Jordan seek to represent is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, in the Commonwealth of Pennsylvania at any time within three years prior to the filing date of this action through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime (the "Pennsylvania Class").

81.    Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Doré brings this action on behalf of herself and other current and former employees in the state of Washington.  The class Plaintiff Doré seeks to represent is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, in the state of Washington at any time within the earliest applicable limitations period through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime (the "Washington Class").

82.    Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Richenberg brings this action on behalf of herself and other current and former employees in the state of New York.  The class Plaintiff Richenberg seeks to represent is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions with similar job duties, in the state of New York at any time within the earliest applicable limitations period through the date of final disposition and who were paid on a salary basis and classified as exempt from overtime (the "New York Class").

83.    Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff Burke brings this action on behalf of herself and other current and former

employees in the Commonwealth of Massachusetts.  The class Plaintiff Burke seeks to represent

is defined as:

> All individuals employed by Defendant as Recruiters, or in other positions
> with similar job duties, in the Commonwealth at any time within the
> earliest applicable limitations period through the date of final disposition
> and who were paid on a salary basis and classified as exempt from
> overtime (the "Massachusetts Class").

84.    The Pennsylvania Class, Washington Class, New York Class and Massachusetts

Class are collectively referred to as the "State Law Classes."

85.    Plaintiffs Conyers-Jordan, Thomas, Doré, Richenberg and Burke are collectively

referred to as the "State Law Plaintiffs."

86.    The proposed State Law Classes are each so numerous that joinder of all members

is impracticable.  During the relevant period, Defendant employed hundreds of Recruiters in the

states of Pennsylvania, Washington, New York and Massachusetts.

87.    The claims of the State Law Plaintiffs are typical of the members of the proposed

State Law Classes.  The State Law Plaintiffs, and members of the proposed State Law Classes

regularly worked more than 40 hours per week and were denied overtime compensation.  Each

member of the class was paid a salary that remained unchanged, regardless of the number of

hours they worked each week.  As a result, each and every class member suffered the same harm.

88.    Each class member's claim is controlled by the applicable state law's wage and

hour statutory scheme and one set of facts.  Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law

and fact are common to the class and predominate over any individual questions.  Such common

questions of law and fact include, but are not limited to, whether the State Law Classes are

similarly situated because they all performed the same basic duties and were subject to

Defendant's common policy and practice of not paying them overtime; and whether Defendant

violated the applicable state laws by failing to pay the State Law Plaintiffs and the class overtime

compensation for hours worked in excess of 40 hours per workweek.

89.    Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other

available methods for the fair and efficient adjudication of the controversy, particularly in the

context of wage and hour litigation where individual plaintiffs lack the financial resources and

incentives to prosecute separate lawsuits against their employer.  The damages suffered by the

individual class members are small compared to the expense and burden of individual

prosecutions of this litigation.  Prosecuting hundreds of identical, individual lawsuits would not

promote judicial efficiency or equity, nor necessarily give consistent results.  Class certification

will eliminate the need for duplicate litigation.

90.    Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on

grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive

relief, or corresponding declaratory relief, with respect to the class as a whole.

91.    The State Law Plaintiffs will fully and adequately protect the interests of the

class. The State Law Plaintiffs seek the same recovery as the classes they seek to represent,

predicated upon the same violations of law and the same damage theory.  The State Law

Plaintiffs have retained counsel who are qualified and experienced in the prosecution of

statewide wage and hour class actions.  Neither the State Law Plaintiffs nor their counsel have

interests that are contrary to, or conflicting with, the interests of the class.

**COUNT ONE**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective)**

92.    This count arises from Defendant's violation of the FLSA by failing to pay

overtime wages to Plaintiffs and other similarly situated employees when they worked over 40

hours in individual workweeks.

93.     Plaintiffs were not exempt from the overtime provisions of the FLSA.

94.     Other members of the FLSA Collective were not exempt from the overtime provisions of the FLSA.

95.     Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

96.     Other members of the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

97.     Once Defendant classified Plaintiffs as exempt, Defendant paid Plaintiffs a salary and no overtime compensation.

98.     Defendant paid other members of the FLSA Collective a salary and no overtime compensation.

99.     Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

100.    Defendant violated the FLSA by failing to pay overtime to other members of the FLSA Collective at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

101.    Defendant's failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

**COUNT TWO**
**(Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.***
**Brought by Plaintiff Thomas and Plaintiff Conyers-Jordan on**
**Behalf of Themselves and the Pennsylvania Class)**

102.    Plaintiff Thomas and Plaintiff Conyers-Jordan, on behalf of themselves and the

Pennsylvania Class, allege and incorporate by reference the allegations in the preceding

paragraphs.

103.    Pursuant to the Pennsylvania Minimum Wage Act, each employer shall pay all

non-exempt employees one and one-half times the regular rate of pay for all hours worked over

40 per workweek.

104.    Plaintiff Thomas, Plaintiff Conyers-Jordan, and the members of the Pennsylvania

class are non-exempt employees entitled to overtime compensation for all hours worked in

excess of 40 per workweek.

105.    Plaintiff Thomas, Plaintiff Conyers-Jordan, and the members of the Pennsylvania

class worked in excess of 40 hours per workweek but did not receive the overtime compensation

from Defendant.

106.    Defendant willfully and intentionally failed to compensate Plaintiff Thomas,

Plaintiff Conyers-Jordan, and members of the Pennsylvania class for the overtime hours they

worked.

107.    Defendant acted willfully and with reckless disregard of clearly applicable

provisions of the PMWA.

108.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

Thomas, Plaintiff Conyers-Jordan, and members of the Pennsylvania class have suffered and will

continue to suffer a loss of income and other damages.

## COUNT THREE
### (Washington Minimum Wage Act: Unpaid Overtime Wages
Brought by Plaintiff Doré on Behalf of Herself and the Washington Class)

109.    Plaintiff Doré, on behalf of herself and all members of the Washington Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

110.    RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

111.    Plaintiff Doré and the Washington Class routinely worked in excess of 40 hours in a workweek.

112.    Defendant misclassified Plaintiff Doré and the Washington Class as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

113.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Doré and the Washington Class have been deprived of compensation in an amount to be determined at trial, and Plaintiff Doré and the Washington Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## COUNT FOUR
### (Washington Meal and Rest Period Provisions,
RCW 49.12.020 and WAC 296-126-092,
Brought by Plaintiff Doré on Behalf of Herself and the Washington Class)

114.    Plaintiff Doré, on behalf of herself and the Washington Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

115.    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

116.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

117.    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

118.    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

119.    Under Washington law, Defendant has an obligation to provide employees with the meal and rest breaks to which they are entitled.

120.    Under Washington law, Defendant has an obligation to ensure that employees take the meal and rest breaks to which they are entitled.

121.    Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break

122.    Under Washington law, Defendant has an obligation to provide employees with ten minutes additional pay for each missed rest break.

123.    By the actions alleged above, including the failure to provide Plaintiff Doré and the Washington Class with proper meal and rest periods, Defendant has violated RCW 49.12.020 and WAC 296-126-092.

124.    As a result of these unlawful acts, Plaintiff Doré and the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Washington Class are entitled to the recovery of such damages, including interested thereon, as well as attorneys' fees, pursuant to RCW 49.48.030, and costs.

## COUNT FIVE
**(Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed,
Brought by Plaintiff Doré on Behalf of Herself and the Washington Class)**

125.    Plaintiff Doré, on behalf of herself and the Washington Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

126.    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for exemplary damages in the amount of twice the wages withheld, attorneys' fees, and costs.

127.    As a result of the willful, unlawful acts of Defendant, Plaintiff Doré and members of the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff Doré and members of the Washington Class are entitled to exemplary damages, attorneys' fees, and costs under RCW 49.52.070.

## COUNT SIX
**Violation of the New York Labor Law – Overtime
Class Action
(Brought on behalf of Plaintiff Richenberg and the New York Class)**

128.    Plaintiff Richenberg, on behalf of herself and the New York Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

129.    At all relevant times, Defendant was Plaintiff Richenberg and the New York Class

members' "employer" as defined by the NYLL § 651.

130.    At all relevant times, Plaintiff Richenberg and the New York Class were Defendant's "employees" as defined by the NYLL § 651.

131.    Defendant failed to pay Plaintiff Richenberg and the New York Class members overtime compensation to which they are entitled under the NYLL and supporting regulations.

132.    Defendant's violations of the NYLL as described herein have been willful and intentional.

133.    Due to Defendant's violation of the NYLL, Plaintiff Richenberg and the New York Class are entitled to recover from Defendant unpaid overtime wages, reasonable attorneys' fees and costs, as provided for by the NYLL, and pre-judgment and post-judgment interest.

<u>**COUNT SEVEN**</u>
**Violation of the New York Labor Law – Failure to Provide Wage Notices**
**Class Action**
**(Brought on behalf of Plaintiff Richenberg and the New York Class)**

134.    Plaintiff Richenberg, on behalf of herself and the New York Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

135.    Defendant willfully failed to supply Plaintiff Richenberg and the New York Class members with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

136.    Through their knowing or intentional failure to provide Plaintiff Richenberg and the New York Class members with the wage notices required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190, *et seq*., and the supporting New York State Department of Labor Regulations.

137.    Pursuant to NYLL § 198(1-b), for each week after hire that Defendant failed to provide the statutorily required wage notice to Plaintiff Richenberg and the New York Class members, they are liable for $50.00 per workday that the violation occurred, up to a maximum of $5,000 per employee, plus attorney's fees and costs.

**<u>COUNT EIGHT</u>**
**Violation of New York Labor Law – Failure to Provide Accurate Wage Statements**
**Class Action**
**(Brought on behalf of Plaintiff Richenberg and the New York Class)**

138.    Plaintiff Richenberg, on behalf of herself and the New York Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

139.    Defendant willfully failed to supply Plaintiff Richenberg and the New York Class members with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing, among other things, rates of pay and actual hours worked.

140.    Through their knowing or intentional failure to provide Plaintiff Richenberg and the New York Class members with the accurate wage statements required by the NYLL, Defendant willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

141.    Pursuant to NYLL § 198(1-d), for each week after hire that Defendant failed to provide the statutorily required wage statement to Plaintiff Richenberg and the New York Class members, they are liable for $250 per workday that the violation occurred, up to a maximum of $5,000 per employee, plus attorney's fees and costs.

**COUNT NINE**
**Violation of the Massachusetts Overtime Law, M.G.L. c. 151, § 1A**
**(Brought on behalf of Plaintiff Burke and the Massachusetts Class)**

142.    Plaintiff Burke, on behalf of herself and the Massachusetts Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

143.    Pursuant to the Massachusetts state law requirements set forth in M.G.L. c. 149, § 150, Plaintiff Burke filed a wage claim with the Office of the Attorney General.

144.    At all relevant times, Defendant was Plaintiff Burke and the Massachusetts Class members' "employer" under Massachusetts law.

145.    At all relevant times, Plaintiff Burke and the Massachusetts Class were Defendant's "employees" under Massachusetts law.

146.    Defendant failed to pay Plaintiff Burke and the Massachusetts Class members overtime compensation to which they are entitled, in violation of M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

147.    Due to Defendant's violation of M.G.L. c. 151, § 1A, Plaintiff Burke and the Massachusetts Class are entitled to recover from Defendant unpaid overtime wages, statutory trebling of all wages and other damages owed, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA collective and the State Law Classes, pray for relief as follows:

a.      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert

timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

      b.      An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the State Law Classes;

      c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      d.      An award of damages, according to proof, including liquidated damages and treble damages, as applicable, to be paid by Defendant;

      e.      Costs of action incurred herein, including expert fees;

      f.      Attorneys' fees;

      g.      Pre-judgment and post-judgment interest, as provided by law; and

      h.      Such other legal equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.


Dated: January 19, 2022               Respectfully submitted,

                                   */s/* Sally J. Abrahamson

                                   Sally J. Abrahamson*
                                   sabrahamson@flsalaw.com
                                   **Werman Salas P.C.**
                                   335 18th Pl NE
                                   Washington, D.C. 20002
                                   Phone No.: 202-830-2016
                                   Fax No.: (312) 419-1025

                                   Maureen A. Salas*
                                   msalas@flsalaw.com
                                   **Werman Salas P.C.**

77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

Sarah R. Schalman- Bergen (PA 206211)
ssb@llrlaw.com
**Lichten & Liss-Riordan, P.C.**
729 Boylston Street, Suite 2000,
Boston, MA 02116
Phone No.: (617) 994-5800
Fax No.: (617) 994-580

*Attorneys for Plaintiffs and the FLSA
Collective and Proposed Rule 23 Classes*

*\*Pro hac vice*

## CERTIFICATION OF SERVICE

I hereby certify that on January 19, 2022, the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Sally J. Abrahamson
      Sally J. Abrahamson