IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **MICHAEL THOMAS, MARIA CONYERS-JORDAN, AUSTIN SHERMAN, LYNDA ALEXANDRA MAHER, AVA DORE, RACHEL RICHENBERG, and EMILY BURKE, on behalf of themselves and others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TEKSYSTEMS, INC.,**<br><br>**Defendant.** | CIVIL ACTION No.: 2:21-cv-00460-WSS<br><br>CLASS AND COLLECTIVE ACTION<br><br>ELECTRONICALLY FILED |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ADJOURN BRIEFING SCHEDULE PERTAINING TO PLAINTIFFS' MOTION FOR FINAL FLSA COLLECTIVE ACTION CERTIFICATION (ECF NO. 141) AND PLAINTIFFS' <u>MOTION FOR CLASS CERTIFICATION (ECF NO. 144)</u>**

Plaintiffs oppose Defendant TEKsystems, Inc.'s ("TEK") unfounded and unsupported Motion to Adjourn Briefing Schedule Pertaining to Plaintiffs' Motion for Final FLSA Collective Action Certification (ECF No. 141) and Plaintiffs' Motion for Class Certification (ECF No. 144), ECF No. 148. TEK's sole articulated reason for the extension – "to conduct the interviews in furtherance of its defense" – does not warrant an extension. ECF No. 148 at 2. TEK has not shown good cause exists for modifying the Court's June 18, 2024, scheduling order. ECF No. 136. This case has been pending for over two years, and discovery closed on April 26, 2024. ECF No. 91. TEK had ample time to conduct interviews to support its opposition without delaying the schedule.

Once again, if TEK intends to collect declarations as a product of its proposed interviews, the interviews and resulting statements come far too late in this litigation. *See* ECF No. 139 (Pls.'

1

Opp to Def.'s Mot. For Approval of Notice to Interviewees) at 1-3; ECF No. 140-1 (TEK's Counsel admitted on **March 12, 2024** that the intent of the interviews is to obtain "formal written statements (such as signed declarations)"); ECF No. 140-6 (TEK's Counsel admitted on August 8, 2024 that the intent of the interviews was to "produce [] signed declarations"). And, if obtaining declarations is the true purpose of TEKS' belated motion, then it disingenuously and falsely represents to the Court that "TEK does not seek to re-open discovery, nor does the Motion for Approval require modification to the discovery deadline in the Scheduling Order." ECF No. 148 n.1. Gathering declarations to support its opposition to Plaintiffs' Motion for Class Certification, ECF No. 144, or Plaintiffs' Motion for Final FLSA Collective Action Certification, ECF No. 141, is unquestionably discovery.

On February 4, 2022, Plaintiffs served TEK with their First Set of Interrogatories, Ex. A, and their First Requests for Production of Documents, Ex. B. In their First Set of Interrogatories, Plaintiffs requested that TEK:

- Identify all persons who you believe have any information or knowledge with respect to any facts of matters relating to Plaintiffs' claims or Defendant's defenses as set forth in the First Amended Complaint or your Answer and fully describe what information you believe each person possesses. **Ex. A, Interrogatory No. 1.**

- Identify any and all persons from whom Defendant intends to provide statements in support of or in opposition to summary judgment, in support of or opposition to any other motion, or who Defendant intends to call as witnesses at trial. *Id.*, **Interrogatory No. 13.**

In their First Requests for Production of Documents, Plaintiffs requested that TEK produce:

- Statements of witnesses, potential witnesses or persons interviewed in connection with this lawsuit, including signed declarations and affidavits. **Ex. B, Request No. 44.**

Any declarations gathered by TEK are clearly responsive to these requests and any declarants should have been identified, and declarations should have been produced, before the close of

discovery. As Plaintiffs set forth in their Opposition to TEK's Motion for Approval of Notice to Interviewees, ECF No. 139, had TEK produced absent class member declarations during discovery, Plaintiffs would have structured their discovery differently, including but not limited to deposing the declarants, their managers, and to the extent the declarations address Recruiters' interactions with TEK clients, conducting discovery from those clients through third party subpoenas. ECF No. 139 at 9.

Absent from any of TEK's briefing is a demonstration of good cause to re-open discovery or modify the Court's June 18, 2024 order, as required by Fed. R. Civ. P. 16(b)(4). TEK cannot skirt this requirement by concealing from the Court its true intent for the requested "interviews." The prejudice Plaintiffs face if the Court reopens discovery despite TEK failing to demonstrate any good cause is even greater now because TEK would have the unfair advantage of obtaining additional discovery with Plaintiffs' certification briefs in hand.

Finally, TEK only moved to "adjourn" the briefing schedule *after* Plaintiffs filed their certification motion. TEK is essentially asking for three additional weeks to engage in discovery it should have completed during the Parties' year-and-a-half long discovery period and in a manner that would insulate it from any cross examination or further discovery from Plaintiffs. Such gamesmanship should be denied.

Plaintiffs respectfully request the Court deny TEK's motion to adjourn the briefing schedules of Plaintiffs' already filed Motion for Class Certification and Motion for Final FLSA Collective Action Certification.

Dated: September 5, 2024                                    Respectfully submitted,

                                                                     /s/ Sally J. Abrahamson

                                                                      Sally J. Abrahamson*

sabrahamson@flsalaw.com
**Werman Salas P.C.**
335 18th Pl NE
Washington, D.C. 20002
Phone No.: (202) 830-2016
Fax No.: (312) 419-1025

Douglas M. Werman*
Maureen A. Salas*
Anne Kramer*
Joseph E. Salvi*
dwerman@flsalaw.com
msalas@flsalaw.com
akramer@flsalaw.com
jsalvi@flsalaw.com
**Werman Salas P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

Sarah R. Schalman- Bergen (PA 206211)
Krysten Connon
Olena Savytska
ssb@llrlaw.com
kconnon@llrlaw.com
osavytska@llrlaw.com
**Lichten & Liss-Riordan, P.C.**
729 Boylston Street, Suite 2000,
Boston, MA 02116
Phone No.: (617) 994-5800
Fax No.: (617) 994-580

*Attorneys for Plaintiffs and the Putative FLSA Collective and Rule 23 Classes*

*Admitted Pro hac vice*

## **CERTIFICATE OF SERVICE**

I certify that, on September 5, 2024 the foregoing was served electronically via CM/ECF, which will send a notice of electronic filing to all parties of record.

/s/ Sally J. Abrahamson
Sally J. Abrahamson

*Counsel for Plaintiffs*