IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

|  |  |
|---|---|
| JONATHAN LUTZ,<br><br>     Plaintiff,<br><br>v.<br><br>PITTSBURGH REGIONAL TRANSIT, f/k/a<br>PORT AUTHORITY OF ALLEGHENY COUNTY,<br><br>     Defendant. | Case No. 2:25-cv-0725-CCW<br><br>Judge Wiegand |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. Identification of counsel and unrepresented parties:

| **Plaintiff's counsel:** | **Defendant's Counsel:** |
|---|---|
| Michael L. Jones | John J. Myers |
| MARKO LAW, PLLC | William S. Myers |
| 220 W. Congress, Fourth Floor | Eckert Seamans Cherin & Mellott LLC |
| Detroit, MI 48226 | 44th Floor, 600 Grant Street |
| (313)-777-7529 | Pittsburgh, PA 15219 |
| michael@markolaw.com | jmyers@eckertseamans.com |
|  | wmyers@eckertseamans.com |
| Noah S. Hurwitz |  |
| HURWITZ LAW PLLC |  |
| 340 Beakes St., Suite 125 |  |
| Ann Arbor, MI 48104 |  |
| (844) 487-9489 |  |
| Noah@hurwitzlaw.com |  |

2. **Set forth the general nature of the case:**

Plaintiff Jonathan Lutz contends that he was discharged for refusing to get vaccinated against the COVID 19 virus because it was against his sincerely held religious beliefs to do so, and that his discharge violates Title VII and his rights under the First Amendment to the U.S. Constitution.

Port Authority of Allegheny County d/b/a Pittsburgh Regional Transit ("PRT") contends

that it could not accommodate Plaintiff's religious objections to the vaccine without undue hardship; and that it had both a rational basis for adopting a mandatory vaccination policy and a compelling interest in doing so based upon prevailing medical opinion and considerations of the health and safety of its workforce and the general public.

3.   **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference**:

The Rule 26(f) Conference was held on March 16, 2026. Noah Hurwitz attended on behalf of Plaintiff and John J. Myers and William S. Myers attended on behalf of Defendant.

4.   **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

The Rule 16 Initial Scheduling Conference is set for March 30, 2026 at 9:00 a.m.

5.   **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Plaintiff may file a motion for partial summary judgment as to liability on his claims and Defendant may file a Motion for Judgment on the Pleadings on the ground that Plaintiff's Section 1983 claim has not been filed within the applicable statute of limitations. If so, this Motion will be filed before the Case Management Conference.

6.   **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have selected Mediation as the ADR process. The parties will will schedule mediation before May 31, 2026.

7.   **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties propose making the disclosures required by Fed. R. Civ. P. Rule 26(a) within fourteen (14) days after the parties Rule 26 (f) Conference, which is April 29, 2022.

8.   **Subjects on which fact discovery may be needed:**

a.   Plaintiff will take discovery on the following subjects, inter alia: The factual basis for Defendant's defenses, including its defense of undue hardship.

b.   Defendant will take discovery of the following subjects, inter alia: The sincerity and religiosity of Plaintiff's anti-vaccination claim; the reasonableness of

Plaintiff's efforts to mitigate damages; Plaintiff's back pay and other damages claims.

9.    Set forth suggested dates for the following:

12.    Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **March 30, 2026.**

a.    Date by which any additional parties shall be joined: **N/A**

b.    Date by which the pleadings shall be amended: **April 30, 2026**

c.    Date by which fact discovery should be completed: **September 30, 2026**

d.    If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed: **The parties have not agreed to any limitations on fact discovery.**

e.    Date by which plaintiff's expert reports should be filed: **N/A**

f.    Date by which depositions of plaintiff's expert(s) should be completed: **N/A**.

g.    Date by which defendant's expert reports should be filed: **N/A**

h.    Date by which depositions of defendant's expert(s) should be completed: **N/A**.

i.    Date by which third party expert's reports should be filed: **N/A**

j.    Date by which depositions of third party's expert(s) should be completed: **N/A**

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**No changes or limitations on discovery are requested at this time by either party.**

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a.    **ESI.** Is either party seeking the discovery of ESI in this case?
     _X_ Yes     ____ No

b.    **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules

and:

   X    Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by _____.

      Have developed an ESI discovery plan (as attached).

      Will have an ESI discovery plan completed by _____.

c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
     Yes        X   No

d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
     Yes        X   No

e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

   X    Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

      Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

      Are unable to agree on appropriate non-waiver language.

f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
     Yes        X   No

g. **Other.** Identify all outstanding disputes concerning any ESI issues:

The parties do not have any outstanding issues or disputes concerning ESI.

13. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

a. Settlement and/or transfer to an ADR procedure;

b.      Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

c.      Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

d.      Dates by which parties' pre-trial statements should be filed;

e.      Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

f.      Dates on which motions *in limine* and *Daubert* motions shall be heard;

g.      Dates proposed for final pre-trial conference; and

h.      Presumptive and final trial dates.

**The parties have elected to schedule a Post-Discovery Status Conference.**

14.      Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**With exception to the Order implementing Federal Rule of Evidence 502(d) requested pursuant to Paragraph 11(e) herein, no additional orders are requested at this time.**

15.      Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**None.**

16.      If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

**None.**

17.      Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

Not as of the date of filing of this Report.

Dated: March _16, 2026                              Respectfully submitted,

/s/   *Noah S. Hurwitz*                              /s/ *John J. Myers*
Michael L. Jones                                    John J. Myers
MARKO LAW, PLLC                                     William S. Myers
220 W. Congress, Fourth Floor                       Eckert Seamans Cherin & Mellott LLC
Detroit, MI 48226                                   44th Floor, 600 Grant Street
(313)-777-7529                                      Pittsburgh, PA 15219
michael@markolaw.com                                jmyers@eckertseamans.com
                                                    wmyers@eckertseamans.com

Noah S. Hurwitz
HURWITZ LAW PLLC
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
 Noah@hurwitzlaw.com

Counsel for Plaintiff                               Counsel for Defendant